# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DEREK SNEAD,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:09-cv-1733-T-30EAJ**

**AAR MANUFACTURING, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand and Supporting Memorandum of Law (Dkt. 5) and Defendant's Memorandum in Opposition to Plaintiff's Motion for Remand (Dkt. 10). The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Plaintiff's Motion for Remand and Supporting Memorandum of Law (Dkt. 5) should be granted.

## BACKGROUND

This action was initially filed in state court on or about July 29, 2009, alleging violations of the Florida Whistleblower's Act and unreimbursed expense (the "State Court Action"). On August 24, 2009, Defendant filed a Notice of Removal, and removed the State Court Action to this Court. (Dkt. 1). On August 26, 2009, Plaintiff filed a Motion for Remand. (Dkt. 5). Plaintiff argues that remand is appropriate because Defendant failed to

establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

On September 14, 2009, Defendant filed its Response in opposition to Plaintiff's Motion for Remand. (Dkt. 10). Defendant argues that there is no dispute that Plaintiff seeks back pay, front pay, and statutory attorneys' fees in this action and that these damages exceed the jurisdictional minimum. As set forth in more detail below, the Court finds that Plaintiff's Motion for Remand must be granted because Defendant did not meet its burden of showing the requisite amount in controversy.

## **DISCUSSION**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also University of Southern Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Perez, 139 F.3d at 1373. In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. See 28 U.S.C. § 1332.

After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 144(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

The Eleventh Circuit Court of Appeals clarified "how a district court must proceed in evaluating its jurisdiction after removal." Lowery v. Alabama Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007).[1] In Lowery, the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Id. at 1208 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*; Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)). The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. Id. at 1215, n. 63. The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice

---

[1] Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.

of removal [the removing documents] unambiguously establish federal jurisdiction." Id. at 1213. The court cautioned that if the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from, the removing documents, then "the court must remand." Id. at 1211. Therefore, under the approach adopted in Lowery, jurisdiction "is either evident from the removing documents or remand is appropriate." Id. The defendant and the court may not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." Id. at 1215.

Defendant argues that the amount in controversy exceeds $75,000. Plaintiff argues that Defendant did not meet its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, the only issue presented is the amount in controversy. The complaint alleges merely that the action exceeds the $15,000 jurisdictional limit of the state court. Plaintiff declined to stipulate that his damages are less than $75,000. Defendant contends that back pay damages at the time of removal in the amount of $43,548.12 will well exceed $126,000 by the time of trial. Defendant also argues that the amount of front pay will separately meet the jurisdictional amount and that Plaintiff's claim for attorneys' fees will exceed $68,000. Plaintiff does not contest that $43,548.12 is the appropriate amount of back pay damages at the time of removal. However, Plaintiff argues that this amount is the only readily calculable amount in controversy and that Defendant's calculations regarding front pay and attorneys' fees are pure speculation.

As set forth herein, in Lowery, the Eleventh Circuit stated "that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the

propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." 483 F.3d at 1211. The court added, "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Id. at 1217. Consequently, when the plaintiff fails to specify damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Id. at 1208.

Defendant in this case has failed to make an adequate showing of the jurisdictional amount. The Defendant relies on speculative calculations of damages through the date of trial and Plaintiff's failure to stipulate regarding the amount in controversy to demonstrate that the jurisdictional amount is satisfied. This argument is insufficient. The Eleventh Circuit has said that there are several reasons why a plaintiff would not stipulate to the amount in controversy, so that a refusal to stipulate, standing alone, does not satisfy a defendant's burden of proof. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir.2001). At the time of removal, the back pay claim of $43,548.12 does not reach the jurisdictional amount. Further, that amount cannot be satisfied by speculation as to the amount of damages through the date of trial. The cases Defendant relies upon to support its argument that the damages can be calculated through the date of trial were decided prior to

Lowery, which drastically changed the analysis of removal.² Simply put, "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." Lowery, 483 F.3d at 1210-11; see also Mathew v. S&B Engineers and Construction, LTD., No. 8:08-cv-1801-T-33TGW, 2009 WL 249931 (M.D. Fla. Jan. 30, 2009) (holding that evidence of plaintiff's failure to stipulate regarding the jurisdictional amount, her back pay damages of approximately $66,000, and her claim for unspecified compensatory damages was insufficient to establish the jurisdictional amount). For the foregoing reasons, Defendant has failed to carry its burden of demonstrating the jurisdictional amount and Plaintiff's Motion for Remand must be granted.

Plaintiff also moves this Court for an award of reasonable attorneys' fees and costs incurred in conjunction with preparing his Motion for Remand. Under Title 28, Section 1447 of the United States Code, when a case is remanded for lack of subject matter jurisdiction, a court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). The United States Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The Court continued, "Absent unusual circumstances,

---

² Notably, although the Eleventh Circuit's unpublished decision in Kok v. Kadant Black Clawson, Inc., 2008 WL 1823336 (11th Cir. Apr. 24, 2008), was decided after Lowery, the holding did not cite to Lowery and the issue on review was decided by the district court prior to Lowery.

courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

Even though this Court disagrees with Defendant's basis for removal, the Court does not find that Defendant "lacked an objectively reasonable basis for seeking removal." Therefore, the Court declines to exercise its discretion to award costs and attorneys' fees to Plaintiff.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand and Supporting Memorandum of Law (Dkt. 5) is hereby **GRANTED**, although the Court denies Plaintiff's request for attorneys' fees and costs.

2. The Clerk of this Court is directed to **remand** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1733.remand.frm